IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ricardo Marshall, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 23-cv-4325 |
| | ) | |
| v. | ) | Honorable Sunil R. Harjani |
| | ) | |
| Calumet City Police Detective B. Begeske, Star No. 253, Officer Nolan, Officer Gilhooly, and Unknown and Unnamed Calumet City Police Officers, | ) ) ) ) ) | Magistrate Judge Young B. Kim |
| | ) | JURY DEMANDED |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT

### JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

### PARTIES

3. At all times herein mentioned, Plaintiff Ricardo Marshall ("Plaintiff") was and is a citizen of the United States and was within the jurisdiction of this court.

4. At all times herein mentioned, Defendants Calumet City Police Officer Detective B. Begeske, Star No. 253, Country Club Hills Police Officer Michael Nolan ("Nolan"), and Dolton Police Officer Mike Gilhooly ("Gilhooly"), and unknown and unnamed officers

("individual defendants" or "police defendants") were employed by the Calumet City, Country Club Hills, and Dolton Police Departments, respectively, were acting under color of state law and as the employee, agent, or representative of those municipalities. These Defendants are being sued in their individual capacities.

## FACTUAL ALLEGATIONS

5. On or about June 30 or July 1, 2022, in the early morning hours, Plaintiff was lawfully in a residence at 102 Mason Street, Calumet City, State of Illinois.

6. Plaintiff did not permanently reside at that residence.

7. On that day and place, the individual Defendants arrived to the residence where Plaintiff was located to apparently serve a search warrant.

8. The Defendants came to the door and without a proper knock notice, forced entry into the residence.

9. Plaintiff was asleep when the Defendants forced entry.

10. Upon entering the residence, Defendant Nolan and/or Gilhooly proceeded to use excessive and unreasonable force on the Plaintiff. Among other things, these Defendants used their shield to batter Plaintiff.

11. Plaintiff was subsequently handcuffed, Defendants and each of them proceeded wrongfully detain and arrest the Plaintiff.

12. Thereafter, the individual Defendants arrested Plaintiff and brought him into a police vehicle.

13. Sometime later, Plaintiff was released from the police vehicle with no charges being filed against him.

14. There was no probable or legal cause to detain, arrest and/or use any force on the Plaintiff.

15. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained additional injuries, including but not limited to, humiliation and indignities, and suffered great physical and mental and emotional pain and suffering in an amount to be ascertained.

16. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

17. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I

**PLAINTIFF AGAINST BEGESKE, NOLAN AND GILHOOLY AND UNKNOWN INDIVIDUAL DEFENDANTS FOR THE EXCESSIVE USE OF FORCE**

18. Plaintiff re-alleges and incorporates paragraphs one (1) through seventeen (17) as though fully alleged at this place.

19. As alleged above, the individual Defendants, using a shield, used unreasonable and excessive force against the Plaintiff.

20. Further, to the extent that any Defendant did not directly participate in the

unlawful actions described above, this Defendant(s) is liable for failing to protect the Plaintiff from the unlawful acts of other Defendants despite the reasonable ability to do so.

21. There was no legal cause to use any force against the Plaintiff.

22. As a result of the foregoing Plaintiff was injured.

23. The conduct described above is a violation of Plaintiff's Fourth Amendment constitutional rights and protected pursuant to 42 U.S.C. section 1983.

## COUNT II

**PLAINTIFF AGAINST BEGESKE, NOLAN AND GILHOOLY AND ALL OTHER INDIVIDUALS KNOWN AND UNKNOWN DEFENDANTS FOR A WRONGUL ARREST/DETENTION**

24. Plaintiff re-alleges and incorporates paragraphs one (1) through seventeen (17) as though fully alleged at this place.

25. In the manner described above, Defendants seized and unlawfully detained and arrested the Plaintiff without probable cause or any lawful justification, in violation of the Fourth Amendment to the U.S. Constitution.

26. Further, to the extent that any Defendant did not directly participate in the unlawful actions described above, this Defendant(s) is liable for failing to protect the Plaintiff from the unlawful acts of other Defendants despite the reasonable ability to do so.

27. As a result of this misconduct, Plaintiff was injured.

28. The conduct described above is a violation of Plaintiff's Fourth Amendment constitutional rights and protected pursuant to 42 U.S.C. section 1983.

4

## COUNT III

### PLAINTIFF AGAINST BEGESKE, NOLAN AND GILHOOLY AND ALL INDIVIDUAL KNOWN AND UNKNOWN DEFENDANTS FOR AN UNLAWFUL ENTRY INTO THE PREMESIS WHERE PLAINTIFF WAS LOCATED

29. Plaintiff re-alleges and incorporates paragraphs one (1) through seventeen (17) as though fully alleged at this place.

30. In the manner described above, Defendants unlawfully entered the premises where Plaintiff was located as they did not execute the knock-notice requirement prior to entering.

31. The failure to do this directly led to Plaintiff being unreasonably battered and subjected to the excessive use of force.

32. As a result of this misconduct, Plaintiff was injured.

33. The conduct described above is a violation of Plaintiff's Fourth Amendment constitutional rights and protected pursuant to 42 U.S.C. section 1983.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the individual Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That all Defendants be required to pay Plaintiff's special damages;

3. That these same Defendants be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

        BY:    s/ Edward M. Fox

        Edward M. Fox
        ED FOX & ASSOCIATES, LTD.
        Attorneys for Plaintiff
        118 N. Clinton St., Suite 425
        Chicago, Illinois 60661
        (312) 345-8877
        efox@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

        BY:    s/ Edward M. Fox
        Edward M. Fox
        ED FOX & ASSOCIATES, LTD.
        Attorneys for Plaintiff
        118 N. Clinton St., Suite 425
        Chicago, Illinois 60661
        (312) 345-8877

efox@efoxlaw.com